UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMIE CASTILLO, <br><br> Plaintiff, <br><br> v. <br><br> CONSUMERS CREDIT UNION, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-50115 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff JAMIE CASTILLO ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CONSUMERS CREDIT UNION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Electronic Funds Transfer Act ("EFTA") under 15 U.S.C. § 1693 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 et seq., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the EFTA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1693, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a disabled consumer over 18 years-of-age residing in McHenry County, Illinois, which lies within the Northern District of Illinois.

5. Defendant is engaged in the business of offering loans and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Illinois. Defendant's principal office is located at 1075 Tri-State Parkway, Suite 850, Gurnee, Illinois 60031.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff currently banks with Defendant.

8. As a result of her physical disabilities, Plaintiff has been rendered unable to work, causing her to fall behind on her monthly obligations owed to a handful of creditors, including Visa ("subject debt").

9. During the Spring of 2020, Plaintiff contacted Defendant by phone and informed Defendant that she would no longer be able to make payment toward the subject debt as a result of her financial hardship, as not only was Plaintiff unable to work, but her husband was also receiving oxygen therapy and had no means of income.

10. Accordingly, Plaintiff explicitly notified Defendant to refrain from having funds withdrawn from her bank account, as she did not have the means to cover the subject debt.

11. In defiance of this agreement, around October 2020, Defendant allowed approximately $129.00 to be extracted from Plaintiff's bank account without her permission, subjecting her to overdraft fees.

12. Plaintiff informed Defendant of its unlawful extraction of funds and demanded that Defendant reimburse these funds, however, Defendant refused to do so unless Plaintiff enrolled with a debt consolidation company that it had referred her to.

13. Plaintiff was taken aback by Defendant's comments, as she did not understand what the debt consolidation company had to do with her relationship with Defendant.

14. Confused and harassed over Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

15. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, emotional distress, and overdraft fees associated with Defendant's unauthorized withdrawals.

### COUNT I – VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1693a(6).

20. Defendant is a "financial institution," as defined by 15 U.S.C. § 1693a(9).

    a. **Violations of EFTA § 1693e(a)**

21. The EFTA, pursuant to 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

22. Defendant violated § 1693e(a) of the EFTA through its unauthorized withdrawal of funds from Plaintiff's bank account. Plaintiff contacted Defendant and specifically told Defendant to stop withdrawing funds from her bank account. In spite of this explicit information, Defendant continued to make these unauthorized withdrawals and extracted Plaintiff's money without her consent, causing Plaintiff additional financial distress and loss.

WHEREFORE, Plaintiff, JAMIE CASTILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

    c. Awarding Plaintiff damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

    d. Awarding Plaintiff costs and reasonable attorney fees pursuant to 15 U.S.C. § 1693m(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

25. Defendant's collection efforts constitute "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

26. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

27. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice when it allowed funds to be extracted from Plaintiff's bank account without her permission. Plaintiff explicitly informed Defendant of her and her husband's financial and physical distress, and instructed Defendant that she would be unable to cover the payment. In an effort to harass Plaintiff into submission, however, Defendant unlawfully allowed the funds to be deducted from her bank account without authorization, causing Plaintiff to incur overdraft fees. Moreover, Defendant refused to remediate its error, and instead, gave Plaintiff an ultimatum to either enroll with a debt consolidation program, or deal with the overdraft fees and lost funds.

28. Following its characteristic behavior in harassing innocent consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would incur overdraft fees to Defendant. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct, as despite having knowledge of Plaintiff's financial and physical circumstances, Defendant still attempted to harass Plaintiff into submission.

29. Moreover, Defendant misrepresented Plaintiff's rights when it notified her that the only way it could reverse its unauthorized withdrawal was if Plaintiff enrolled with a debt consolidation company that Defendant likely has a business relationship with. This deception directly impacts trade practices, as Defendant is seemingly strong-arming consumers into enrolling into programs with third-parties for its own benefit.

30. Plaintiff lacks a meaningful choice to go about avoiding Defendant's conduct, as she notified Defendant that she did not have the means to cover the payment, and also instructed Defendant to refrain from allowing funds to be deducted from her bank account. Despite Plaintiff's efforts, Defendant willfully proceeded to allow payments to be extracted from Plaintiff's bank account, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

31. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

32. Defendant's conduct of unauthorized withdrawal of funds involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

33. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

34. As pled *supra,* Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

35. An award of punitive damages is appropriate because allowing money to be extracted from a consumer's bank account without that consumer's authorization is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois, and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JAMIE CASTILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 11th day of March, 2021.            Respectfully Submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Jamie Castillo*